IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JESUS A. ORTIZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:24-cv-00184 |
| | § | |
| EL PASO COMMUNITY | § | |
| COLLEGE DISTRICT, | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFFS ORIGINAL COMPLAINT AND JURY DEMAND**

TO THE HONORABLE COURT:

NOW COMES, Plaintiff JESUS A. ORTIZ, (hereinafter "Plaintiff"), in the above entitled and numbered cause, and hereby files this Original Complaint, against EL PASO COMMUNITY COLLEGE DISTRICT (hereinafter referred to as "Defendant"). The causes of action and summary of claims relating thereto are addressed below:

**I.
NATURE OF SUIT**

1. The Fair Labor Standards act was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and a one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne*, 323 U.S. 37, 40 (1944) (discussing requirements of 29 U.S.C. § 207 (a)).

2. Defendant violated the FLSA by failing to pay Plaintiff at time and one-half their regular rate of pay for all hours worked within a workweek in excess of forty hours.

3. Plaintiff Jesus Ortiz is a non-exempt employee who has been denied overtime compensation owed to him as required by the law. Plaintiff filed this Complaint to recover unpaid overtime compensation owed to him.

## II.
## PARTIES, JURISDICTION AND VENUE

4. Plaintiff Jesus Ortiz is currently a citizen and resident of the County of El Paso, Texas.

5. Defendant EL PASO COUNTY COMMUNITY COLLEGE DISTRICT is an entity doing business in El Paso County and may be served with process by serving its president, Dr. William Serrata or any other authorized officer or agent therein at 9050 Viscount, El Paso, TX 79925 and/or wherever may be found.

6. The court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C. §§1331 & 1343. Venue exists in this district and division as detailed in 28 U.S.C. §1391.

7. All of the acts alleged herein occurred in El Paso County, Texas.

## III.
## FACTUAL BACKGROUND

8. On or about April 1, 2004, Defendant hired Plaintiff Jesus Ortiz as a Campus Technician.

9. During the time Plaintiff was employed by Defendant and including the last three years from the filing of this Complaint, Mr. Ortiz worked additional hours on a weekly basis without compensation at the instruction of or with Defendant's knowledge. Plaintiff Ortiz was required to work either "off the clock" or more than forty (40) hours in one week. Defendant was

aware that Plaintiff Ortiz was working "off the clock" and/or overtime, yet did not pay all necessary extra wages for this effort. During the same time period, defendant required to be available and responsive by telephone after and before his set schedule. Plaintiff is entitled to an additional claim for overtime for hours spent in a standby status as a requirement of his job.

10. Defendant knew that Plaintiff Ortiz was working before and/or after his shift.

11. Defendant did not adequately keep track of Plaintiff Ortiz's work hours even though Plaintiff Ortiz was a non-exempt employee for overtime purposes as outlined under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et. seq* ("FLSA").

12. Plaintiff was regularly not paid for hours logged in or clocked in under Defendant's time record keeping system.

13. Plaintiff Ortiz's position was not exempt from overtime under the FLSA.

## IV.
## CAUSES OF ACTION

A. **FAIR LABOR STANDARDS ACT VIOLATIONS BY DEFENDANT**

14. Plaintiff re-alleged and incorporate the allegations contained in Paragraphs 1 through 13 as if fully stated herein.

15. Plaintiff has satisfied all jurisdictional prerequisites in connection with their claim under the FLSA.

16. Defendant El Paso Community College is an "employer" as defined by the FLSA in 29 U.S.C. § 203(d).

17. Defendant El Paso Community College is an "enterprise" within the meaning of 29 U.S.C. § 203(r), and an "[e]nterprise engaged in commerce or in the production of goods for commerce" as defined by the FLSA in 29 U.S.C. § 203(s)(1).

18. While employed by Defendant, Plaintiff was entitled to payment of one- and one-

half times his regular rate of pay for all hours worked over forty hours in one week, as provided for under 29 U.S.C. § 207.

19. Defendant failed to properly log Plaintiff's work hours or pay for all overtime hours worked at a rate of one- and one-half times. As a result, during the Plaintiff's employment with Defendant, they worked numerous overtime hours for which they were not properly compensated.

20. As a result of Defendant's violations of the FLSA, Plaintiff has suffered actual damages in the form of lost wages, in an amount that has not yet been fully established, but which can be estimated for the purpose of bringing this lawsuit.

21. Defendant committed a willful violation of the FLSA in that Defendant was aware that its conduct and pay practices violated the Fair Labor Standards Act.

22. Defendant failed to maintain accurate records of the hours worked of the Plaintiff; thus, Defendant violated 29 U.S.C. § 211(c).

23. As a result of these violations, Plaintiff requests that he be awarded all damages, to which they are entitled, including, but not limited to, lost wages, salary, employee benefits, and any other compensation denied or lost as a result of the violation, plus interest. In addition, Plaintiff request liquidated damages equal to the amount of reimbursable compensation described above. Plaintiff also request any additional equitable relief to which they is entitled.

## V.
## DAMAGES

24. Plaintiff sues for actual damages proximately caused or otherwise produced by Defendant's conduct.

25. During the period of the Plaintiff's employment with Defendant, Plaintiff worked greater than 40 hours per week because they would work off the clock before their shifts. The payment made to Plaintiff did not take into account overtime compensation prescribed by law, in

that the Plaintiff were and are entitled payment in accordance with the Fair Labor Standards Act, Title 29, Sections 206 and 207 of the United States Code.  Therefore, the Plaintiff seeks judgment against Defendant.  In addition, Plaintiff is entitled to recover an equal sum as liquidated damages.

26. Plaintiff's damages are within the court's jurisdictional limits.

## VI.
## ATTORNEY'S FEES

27. It is necessary for the Plaintiff to have the services of an attorney to institute and prosecute this action against Defendant.  The Plaintiff is entitled to recover attorney's fees to compensate the Plaintiff for attorney's fees, which is a reasonable charge for the services rendered in bringing this action.

## VII.
## PRAYER FOR RELIEF

Wherefore, Plaintiff request that Defendant be cited to appear and answer, and that on final trial, Plaintiff have judgment against Defendant as follows:

a. Judgment against Defendant for Plaintiff's actual damages, including lost wages and benefits (both back pay and front pay), amount to be determined;
b. Compensation for all hours worked at a rate not less than the applicable minimum wage;
c. Overtime and "off the clock" compensation for all unpaid hours worked in excess of forty hours at the rate of one- and one-half times their regular rate;
d. All unpaid wages and overtime compensation;
e. Judgment against Defendant for liquidated damages for the maximum amount allowed by law; including doubling of all back pay awarded
f. Pre-judgment and post-judgment interest at the maximum amount allowed by law;
g. Costs of suit, including reasonable attorney's fees, costs and expenses of this action as provided by the FLSA;
h. The award of such and further relief, both at law and in equity, to which Plaintiff may be justly entitled.
i. An order that Defendant take such other and further actions as may be necessary to redress Defendant's violations of the FLSA;
j. Pre-judgment and post-judgment interest at the maximum amount allowed by law.

Respectfully submitted,

**MARTINEZ & MARTINEZ LAW FIRM, PLLC**
*Attorneys for Plaintiff*
2110 E. Yandell Dr.
El Paso, Texas 79903
(915) 541-1000
(915) 541-1002 (Facsimile)

By:    */s/ Raymond D. Martinez*
**RAYMOND D. MARTINEZ**
State Bar No. 24002537
raymond@martinezlawyers.com