IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JESUS A. ORTIZ, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:24-cv-00184 |
| | § | |
| EL PASO COMMUNITY COLLEGE DISTRICT, | § | |
| | § | |
| *Defendant*. | § | |

**DEFENDANT EL PASO COUNTY COMMUNITY COLLEGE DISTRICT'S
MOTION TO ENFORCE SETTLEMENT AGREEMENT**

TO THE HONORABLE JUDGE KATHLEEN CARDONE:

NOW COMES, Defendant EL PASO COUNTY COMMUNITY COLLEGE DISTRICT ("EPCC"), and files its Motion to Enforce Settlement Agreement against Plaintiff Jesus A. Ortiz and would respectfully show the Court as follows:

### I.   INTRODUCTION

1. On August 1, 2024, in accordance with this Court's local rules, sent to Plaintiff's counsel *Defendant El Paso County Community College District's Motion to Dismiss For Lack Of Subject-Matter Jurisdiction, For Failure To State A Claim Upon Which Relief Can Be Granted, And For Judgment On The Pleadings*. ***See*** **Exhibit A, Email from Tomas Porras-Acosta to Raymond Martinez, dated August 1, 2024, at 10:01AM.**

2. On September 3, 2024, Plaintiff, by and through his counsel, proposed to dismiss this case with prejudice in exchange for a waiver of court costs and attorney fees by Defendant. ***See*** **Exhibit B, Email from Raymond Martinez to Tomas Porras-Acosta dated September 3, 2024, at 11:19AM**.

1

3. On September 8, 2024, Defendant, by and through its counsel, accepted the proposed terms of the settlement by agreeing to waive its court cost, including attorneys' fees. ***See* Exhibit C, Email from Rosemary Morales Marin, to Raymond Martinez dated September 8, 2024, at 3:01PM**.

4. On October 1, 2024, Defendant, by and through its counsel, sent to Plaintiff's counsel the requested proposed stipulation and accompanying Confidential Settlement Agreement and Release in Full of All Claims. ***See* Exhibit D, Email from Rosemary Morales Marin to Raymond Martinez to dated October 1, 2024, at 6:21PM;** *see also* **Exhibit E, Defendant's Proposed Stipulation for Dismissal with Prejudice.**

5. Thereafter, on October 25, 2024, Plaintiff's counsel denied he made any request for settlement. **See Exhibit F, Email from Raymond Martinez to Rosemary Morales Marin to dated October 25, 2024, at 9:32AM**.

6. Plaintiff's counsel now seeks to circumvent the settlement he proposed, and that was accepted by Defendant.

## II.   ARGUMENTS & AUTHORITIES

7. "A stipulation is an agreement, admission, or [other] concession made in a judicial proceeding by the parties or their attorneys." *Rosenboom Mach. & Tool, Inc. v. Machala*, 995 S.W.2d 817, 821–22 (Tex. App. 1999) (citing, *Hansen v. Academy Corp.,* 961 S.W.2d 329, 336 (Tex. App.—Houston [1st Dist.] 1997, writ denied); *Federal Lanes, Inc. v. City of Houston,* 905 S.W.2d 686, 689 (Tex. App.—Houston [1st Dist.] 1995, writ denied). "A stipulation constitutes a binding contract between the parties and the court." *Id.* (citing, *Federal Lanes,* 905 S.W.2d at 689). "In any case, the issues to be tried may be limited or excluded by stipulation." *Id.* (*citing, Hansen,* 961 S.W.2d at 336). "Where a stipulation limits the issues to

be tried or considered by the jury, those issues are excluded from consideration. *Id.* (*citing, Federal Lanes,* 905 S.W.2d at 689. Moreover, a stipulation "obviates the need for proof on [the] litigable issue." *Id.* (citing, *Hansen,* 961 S.W.2d at 335. Because "[s]tipulations are binding on the parties, . . . the duty to enforce valid pretrial stipulations is purely ministerial." *Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.*, 574 S.W.3d 882, 887–88 (Tex. 2019).

8. "[A] district court has inherent power to recognize, encourage, and when necessary enforce settlement agreements reached by the parties." *Williamson v. Bank of New York Mellon*, 947 F. Supp. 2d 704, 707 (N.D. Tex. 2013) (citing, *Bell v. Schexnayder*, 36 F.3d 447, 449 (5th Cir.1994). Further, "a federal court sitting in diversity applies the law of the forum state when deciding whether to enforce a settlement agreement." *Id.* See also *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 266 (5th Cir.1995). Since Texas law applies to this case, Texas Rule of Civil Procedure 11 controls. See *id.*; *Condit Chem. & Grain Co., Inc. v. Helena Chem. Corp.*, 789 F.2d 1101, 1102–03 (5th Cir.1986) (applying Rule 11, nominally a procedural rule, because "[i]t is obvious from the nature of this Texas rule that it is a law of controlling substance").

9. The Texas Supreme Court, "[Texas] courts of appeals, and other state high[1] courts have repeatedly held, stipulations are 'contracts relating to litigation, and [are] . . . construe[d] . . . under the same rules as a contract.'" *Id. at* 888. Only when a "stipulation is ambiguous or unclear, should be disregarded by the trial court. *Id at 822*; see

---

[1] *E.g.*, *Straub v. Smith*, 145 Idaho 65, 175 P.3d 754, 758 (2007) ("A stipulation is a contract, and we will apply contractual principles of interpretation when reviewing a stipulation."); *Lillard Pipe & Supply, Inc. v. Bailey*, 387 P.2d 118, 122 (Okla. 1963) ("Although stipulations are unlike ordinary contracts in that no consideration or mutuality is required, they are to be construed like other contracts between parties."); *Banos v. Rhea*, 25 N.Y.3d 266, 11 N.Y.S.3d 515, 33 N.E.3d 471, 475 (2015) ("In general, a stipulation or consent judgment is a contract between parties and must be construed according to the rules of contract interpretation.").

also, *Discovery Operating, Inc. v. Baskin*, 855 S.W.2d 884, 886–87 (Tex. App.—El Paso 1993, no writ); 31 Tex. Admin. Code § 17.5 ("No stipulation or agreement between the parties, their attorneys, or representatives shall be enforceable unless it has been reduced to writing and signed by the parties or their authorized representatives, or unless dictated into the record during the course of a hearing, or incorporated into an order bearing written approval of all parties."). Note, in *Padilla v. LaFrance*, the Texas Supreme Court held that a series of letters may satisfy the "in writing" requirement of Rule 11, provided they meet the other requirements set out above. 907 S.W.2d 454, 460 (Tex.1995). The Fifth Circuit has also held (1) "manually typed names qualify as electronic signatures", and (2) "a series of emails may satisfy Rule 11's "in writing" requirement." *Williamson v. Bank of New York Mellon*, 947 F. Supp. 2d 704, 708–09 (N.D. Tex. 2013) (citing, TEX. BUS. & COM.CODE § 322.007(c) ("[i]f a law requires a record to be in writing, an electronic record satisfies the law."); *Green v. Midland Mortg. Co.*, 342 S.W.3d 686, 691 (Tex.App. —Houston [14th Dist.] 2011, no pet.) ("Supporting the Court's conclusion is a Texas appeals court's holding that a series of emails, among other pieces of evidence, 'confirmed a settlement agreement between the parties.'"); *Dymatize Enters. Inc. v. Maximum Human Performance, Inc*., No. 3:09–CV–0046–O–BH, 2010 WL 4788573, at *5 (N.D.Tex. Sept. 20, 2010), report and recommendation adopted, No. 3:09–CV–046–O, 2010 WL 4788571 (N.D.Tex. Nov. 17, 2010) ("another Court in this District has concluded that an email exchange later signed by an attorney was a valid writing under Rule 11.")).

10. In construing a stipulation, a court must determine the intent of the parties from the language used in the entire agreement, examining the surrounding circumstances, including the state of the pleadings, the allegations made therein, and the attitude of the parties with respect to the

issue. *Herschbach v. City of Corpus Christi,* 883 S.W.2d 720, 734 (Tex. App.—Corpus Christi 1994, writ denied); *Discovery Operating, Inc.,* 855 S.W.2d at 886–87.

11. The straightforward contract-interpretation question presented herein is whether the Parties stipulated to settlement to dismiss this case with prejudice in exchange for a waiver court cost and attorney fees by Defendant. The uncontestable facts evidence that on September 3, 2024, Plaintiff, by and through his counsel, proposed to dismiss this case with prejudice in exchange for a waiver court cost and attorney fees by Defendant. *See* **Exhibit B, Email from Raymond Martinez to Tomas Porras-Acosta dated September 3, 2024, at 11:19AM**.

> From: Raymond Martinez <Raymond@martinezlawyers.com>
> Sent: Tuesday, September 3, 2024 11:19 AM
> To: Tomas Porras-Acosta <tpor@scotthulse.com>
> Cc: Rosemary Morales Marin <rmar@scotthulse.com>; Guy McGunegle <gmcg@scotthulse.com>; Georgina Gallegos <ggal@scotthulse.com>; Sarai Ferman <sfer@scotthulse.com>
> Subject: RE: Ortiz v. EPCC (324-cv-00184) - Costs Follow Up re EPCC's Motion to Dismiss Against Plaintiff Ortiz' FLSA Claims
>
> **** EXTERNAL EMAIL ****
>
> Tomas,
>
> Thank you for getting back to me so quickly. I mentioned I was prepping for an arbitration this week but should have it done by the end of the week.
>
> What I was asking if we dismiss then if no fees. i'm talking about a dismissal with prejudice. Let me know. Ray

12. Thereafter, on September 8, 2024, Defendant, by and through its counsel, accepted the proposed terms of the settlement by agreeing to waive its court cost, including attorneys' fees. *See* **Exhibit C, Email from Rosemary Morales Marin, to Raymond Martinez dated September 8, 2024, at 3:01PM**.

5

> **From:** Rosemary Morales Marin
> **Sent:** Sunday, September 8, 2024 3:01 PM
> **To:** Raymond Martinez
> **Cc:** Guy McGunegle; Georgina Gallegos; Sarai Ferman; Tomas Porras-Acosta
> **Subject:** Ortiz v. EPCC (324-cv-00184) - Costs Follow Up re EPCC's Motion to Dismiss Against Plaintiff Ortiz' FLSA Claims
>
> Raymond—
>
> My client has agreed to waive its court costs, including fees, in exchange for Plaintiff's dismissal of this lawsuit with prejudice (and possible state court wage and hour claims based on the same operative facts). Tomas will send you the proposed stipulation.
>
> Thank you.
>
> Rosemary M. Marin
> *Board Certified, Labor and Employment Law*
> *Texas Board of Legal Specialization*
> Licensed in Texas and New Mexico
> **Direct:** 915.546.8297  **Main:** 915.533.2493  **Fax:** 915.546.8333
> rmar@ScottHulse.com | vCard | LinkedIn | ScottHulse.com
>
> **ScottHulse PC | 130 Years of Commitment**
> One San Jacinto Plaza, 201 E. Main Dr., Suite 1100, El Paso, TX 79901
>
> **CONFIDENTIALITY NOTICE**
> The information contained in this ELECTRONIC MAIL transmission is confidential. It also may be protected by and subject to the attorney-client privilege or be privileged work product or proprietary information. This ELECTRONIC MAIL transmission and the information contained in or attached as a file to it are intended for the exclusive use of the addressee(s). If you are not the addressee (or one of the addressees), you are not an intended recipient; if you are not an intended recipient, you hereby are notified that any use, disclosure, dissemination, distribution (other than to the addressee(s)), copying or taking of any action because of this information are strictly prohibited.

13. These "series of emails" between the parties' counsel, with clear and unambiguous terms, satisfies Rule 11's in writing requirements. *See generally, Padilla v. LaFrance*, 907 S.W.2d 454, 460 (Tex.1995); TEX. BUS. & COM.CODE § 322.007(c); *Green v. Midland Mortg. Co.*, 342 S.W.3d 686, 691 (Tex. App.—Houston [14th Dist.] 2011, no pet.); *Dymatize Enters. Inc. v. Maximum Human Performance, Inc.*, No. 3:09–CV–0046–O–BH, 2010 WL 4788573, at *5 (N.D.Tex. Sept. 20, 2010), report and recommendation adopted, No. 3:09–CV–046–O, 2010 WL 4788571 (N.D.Tex. Nov. 17, 2010).

14. Further, Plaintiff's counsel requested his stipulation in a signed electronic writing and Defendant accepted by a signed electronic writing. Thus, the requirements set forth by Tex. Admin. Code § 17.5 are satisfied.

15. Accordingly, the agreed upon stipulation is a binding and enforceable contract between the parties and the court and must be enforced. *Rosenboom*, 995 S.W.2d at 821–22 (citing, *Federal Lanes,* 905 S.W.2d at 689).

**FOR THE FOREGOING REASONS,** Plaintiff respectfully requests that this Court enforce the terms of the settlement agreement by ordering Defendant to uphold the agreed terms of the settlement; and further order this case dismissed, with prejudice.  Defendant requests an award of attorney's fees incurred in filing this motion, in accordance with Rule 11(b) of the Federal Rule of Cicil Procedure and Texas Civil Practice and Remedies Code § 38.001(8), and requests all such other and further relief to which it is justly entitled under law or equity.

                Respectfully submitted,

                **SCOTTHULSE PC**
                ONE SAN JACINTO PLAZA
                201 E. Main Dr., 11th Floor
                El Paso, Texas 79901
                (915) 533-2493
                (915) 546-8333 Fax

      By:    */s/ Rosemary M. Marin*
                  **ROSEMARY M. MARIN**
                  State Bar No. 12982500
                  rmar@scotthulse.com
                  *Attorney for Defendant, El Paso County Community College District*

**CERTIFICATE OF SERVICE**

  I hereby certify that I filed this document electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means as more fully reflected on the Notice of Electronic Filing on this 12th day of December 2024:

Raymond D. Martinez
Martinez & Martinez Law Firm, PLLC
2100 E. Yandell Dr.
El Paso, Texas 79903
Phone: (915) 541-1000
Fax: (915) 541-1002
raymond@martinezlawyers.com
*Attorneys for Plaintiff*

            */s/ Rosemary M. Marin*
            **ROSEMARY M. MARIN**