THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **JESUS ORTIZ,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | **CAUSE NO. EP-24-CV-184-KC** |
| § | |
| **EL PASO COMMUNITY COLLEGE** § | |
| **DISTRICT,** § | |
| § | |
| **Defendant.** § | |

## ORDER

On this day, the Court considered the parties' Joint Motion to Dismiss with Prejudice ("Motion"), ECF No. 20.  On February 26, 2025, the parties filed a Notice of Settlement, ECF No. 18, stating that they were finalizing their settlement agreement and would file a joint motion to dismiss.  In response, the Court reminded the parties that settlements of Fair Labor Standards Act ("FSLA") claims generally require judicial approval to ensure that they are a "fair and reasonable resolution of a bona fide dispute over FLSA provisions."  Feb. 27, 2025, Order 1, ECF No. 19 (quoting *Ibarra v. Del's Grass Farm Ltd.*, No. 21-cv-252, 2022 WL 1157657, at *1 (W.D. Tex. Apr. 19, 2022)).  The Court explained that approval is unnecessary only if the settlement strictly concerns a dispute over hours worked or compensation due.  *Id.* (quoting *Bodle v. TXL Mortg. Corp.*, 788 F.3d 159, 163 (5th Cir. 2015)).  The Court ordered the parties to either (1) file a motion seeking approval of their settlement and submit the final agreement for review or (2) file a motion to dismiss explaining why judicial approval is unnecessary.  *See* Feb. 27, 2025, Order 1–2.

The parties' Motion to Dismiss, however, merely asserts that their settlement is "fair, equitable, and in the[ir] best interests," without addressing whether it involves a compromise of

substantive FLSA rights.  *See* Mot. 1.  That is insufficient.  The Court cannot dismiss the case without confirming that the settlement pertains solely to a dispute over hours worked or compensation due.  *See, e.g.*, *Skinner v. Wolf's Towing, LLC*, NO. 16-cv-652, 2017 WL 2346924, at *1–2 (S.D. Miss. Apr. 7, 2017) ("Blind approval [of FLSA settlements] would, in many cases, allow the exception providing for private dispute resolution to swallow the general rule that the substantive rights created by the FLSA cannot be waived.").

Accordingly, the parties' Joint Motion to Dismiss, ECF No. 20, is **DENIED**.

**IT IS FURTHER ORDERED** that, by **no later than March 27, 2025**, the parties shall either (1) file a motion to approve their settlement and attach to that motion the final settlement for the Court's review, or (2) file a renewed motion to dismiss that explains why judicial approval is unnecessary.

**IT IS FURTHER ORDERED** that if the parties file a motion to dismiss, they are to specifically state that the settlement involves only a dispute over hours worked or compensation due.

**SO ORDERED.**

SIGNED this 13th day of March, 2025.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE