# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| JESUS A. ORTIZ, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 3:24-CV-00184-KC |
| EL PASO COMMUNITY COLLEGE DISTRICT, | § § § § | |
| *Defendant*. | § | |

## JOINT MOTION TO APPROVE SETTLEMENT

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff, JESUS A. ORTIZ, and Defendant, EL PASO COUNTY COMMUNITY COLLEGE DISTRICT, (hereinafter, the "Parties") file this Joint Motion to Approve Settlement and would show the Court as follows:

1. This matter exclusively involves a dispute under the Fair Labor Standards Act regarding Plaintiff's hours worked and compensation due. No other causes of action are alleged.

2. On February 24, 2025, the Parties mediated the aforementioned case with Mediator, Chris Antcliff. After reasonable diligence, the Parties reached a settlement agreement concerning all matters in dispute in this case, to include a separate state lawsuit.

3. Also, on February 24, 2025, the parties signed a mediation settlement agreement provided by the mediator, attached hereto as Exhibit A.

4. Attached hereto as Exhibit B, is the proposed global confidential settlement agreement and release in full of all claims ("Release") that has already been agreed to by both Parties, for the Court's review. The Parties have entered into this release to ensure clarification on

drafting instructions and other particulars for the settlement and to further protect the interests of each party.

5. The Parties agreed to settle both cases for a total of $50,000.00, with Plaintiff to net $28,124.75 after payment of court costs and his attorneys' fees. At Plaintiff's request, his entire portion of the settlement is being paid as non-wages.

6. On February 21, 2025, Defendant filed a motion to dismiss for lack of subject-matter jurisdiction, for judgment on the pleadings, and for failure to state a claim upon which relief can be granted, seeking to dismiss this lawsuit. That motion is still pending. In lieu of responding to Defendant's motion, Plaintiff has requested to voluntarily dismiss with prejudice this FLSA wage and hour claim, without the payment of any part of the settlement as wages. Defendant has agreed to Plaintiff's request.

7. Given the agreement of both Parties to proceed with settlement payment, as indicated herein, a fair and reasonable resolution of the bonafide dispute over FLSA provisions was met.

8. The Parties are presently in the process of signing and notarizing the Release.

**FOR THESE REASONS,** the Parties respectfully request that the Court approve the settlement reached by the parties and dismiss this case with prejudice.

Respectfully Submitted,

**MARTINEZ & MARTINEZ LAW FIRM, PLLC**
2100 E. Yandell Drive
El Paso, Texas 79903
(915) 541-1000
(915) 541-1002 (facsimile)

By:   */s/ Raymond D. Martinez*
**RAYMOND D. MARTINEZ**
State Bar No 24002537
raymond@martinezlawyers.com
*Attorney for Plaintiff*

AND

**SCOTTHULSE PC**
ONE SAN JACINTO PLAZA
201 E. Main Dr., 11th Floor
El Paso, Texas 79901
(915) 533-2493
(915) 546-8333 Fax

By:   */s/ Rosemary M. Marin*
**ROSEMARY M. MARIN**
State Bar No. 12982500
rmar@scotthulse.com
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that I filed this document electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means as more fully reflected on the Notice of Electronic Filing on this 27th day of March, 2025:

Raymond D. Martinez
Martinez & Martinez Law Firm, PLLC
2100 E. Yandell Dr.
El Paso, Texas 79903
raymond@martinezlawyers.com
*Attorneys for Plaintiff*

   */s/ Rosemary M. Marin*
   **ROSEMARY M. MARIN**

# EXHIBIT A



MEDIATION   5845 CROMO DRIVE · SUITE 2 · EL PASO · TEXAS · 79912 · T: 915.703.7307 · D: 915.703.7308 · F: 915.703.7618

**M. MITCHELL MOSS**  www.MossLegalSolutions.com
Mediator & Attorney at Law
E: Mitch@MossLegalSolutions.com

February 24, 2025

The matter of *Jesus A. Ortiz v. El Paso Community College District*
Cause No. 3:24-CV-00184-KC & 2024DCV0678 (the "Lawsuits")

The parties agree to the following:

A mediation was held between the undersigned parties and Mediator M. Mitchell Moss on February 24, 2025 and the following Mediation Settlement Agreement was reached:

1. **PAYMENT TO PLAINTIFF.** In consideration of the promises and undertakings of Plaintiff, Defendant agrees to pay Plaintiff the following sum:

    $50,000.00 total sum for both claims

2. **DISMISSAL OF LAWSUIT.** Plaintiff agrees to dismiss both of the Lawsuits with prejudice by filing the appropriate dismissal pleadings. The Parties shall pay their own costs and attorney's fees unless otherwise noted below.

3. **SETTLEMENT DOCUMENTS (RELEASE OF CLAIMS, DISMISSAL MOTIONS, ETC.)** Attorney for Defendant will prepare settlement documents which include a more detailed settlement agreement including a release of all claims, executed by the parties as well as dismissal pleadings. Receipt of settlement documents signed by the parties and their counsel is a condition precedent to issuance of payment by Defendant. All liens and subrogation interests must be first resolved.

4. **SETTLEMENT DATE.** Thirty (30) days from the receipt of executed settlement documents.

5. **NO TAX ADVICE.** Furthermore, the parties and their respective counsel acknowledge that the mediator has not represented or warranted to any party any federal income tax consequences of the settlement reflected by this Agreement.

Page 1 of 2

6. **ADDITIONAL TERMS.**

   A. Plaintiff will be issued a 1099 for his proceeds of the settlement, for what he claims are mental anguish damages
   B. Strict Confidentiality, effective 2/24/25
   C. No re-apply nor re-hire
   D. Mutual non-disparagement

7. If this MSA is only signed by counsel, it will be deemed binding pursuant to TRCP11.

**INDEPENDENT REVIEW AND RELEASE.**

Further, the parties and their counsel hereby release the Mediator from any and all responsibility and liability incident to the drafting of this Mediated Settlement Agreement. Finally, the parties acknowledge that they are freely and willingly entering into this agreement and that there was no undue influence or duress used by the mediator or any attorney or party during the mediation.

SIGNED THIS 24th day of February, 2025.

_____
Jesus A. Ortiz
Plaintiff

_____
Raymond D. Martinez
Attorney for Plaintiff

_____
Rosemary M. Marin
Attorney for Defendant

# EXHIBIT B

# CONFIDENTIAL SETTLEMENT AGREEMENT AND
# RELEASE IN FULL OF ALL CLAIMS

## I.      RECITALS

1. The Parties to this Confidential Settlement Agreement and Release in Full of All Claims ("Agreement") include (i) EL PASO COUNTY COMMUNITY COLLEGE DISTRICT, and all of its current and former officers, directors, managers, employees, servants, agents, attorneys, successors, assigns, insurers, guarantors, indemnitors, affiliates, and any other person or entity acting on behalf of EL PASO COUNTY COMMUNITY COLLEGE DISTRICT (hereinafter, "EPCC" or "Employer"); and (ii) JESUS A. ORTIZ, together with his heirs, successors, administrators, executors, descendants, devisees, assigns, personal representatives, affiliates, agents, and attorneys (hereinafter, "Ortiz" or "You") (hereinafter, collectively, the "Parties").

2. You filed two lawsuits against EPCC styled *Jesus A. Ortiz v. El Paso Community College District,* in the United States District Court for the Western District of Texas, El Paso County, Texas, Civil Action No. 3:24-CV-00184 and *Jesus A. Ortiz v. El Paso Community College District*, in the County Court at Law Number Seven, El Paso County, Texas, Cause No. 2024DCV0678 (the "Lawsuits").

3. You also filed two EEOC Charges alleging age and disability discrimination and failure to accommodate styled *Jesus A. Ortiz v. El Paso Community College*, EEOC Charge No. 453-2023-00547 and *Jesus A. Ortiz v. El Paso Community College*, EEOC Charge No. 453-2024-00711 (the "Charges").

4. The Parties agree that they desire to settle any and all controversies or disputes that exist, or that could exist, between them, including but not limited to, the Lawsuits, the Charges and the terms and conditions of Your employment and separation of employment from Employer (hereinafter, collectively "the Dispute").

5. You understand that the "Consideration," referenced herein, refers to conditional payments and other value, to be provided to You in exchange for this Agreement, but will be applicable *only* if this Agreement is executed and becomes "Effective," as defined herein.

6. You agree that this Agreement is individually negotiated and not part of a group incentive plan.

## II.      AGREEMENT

NOW, THEREFORE, the Parties hereby agree that in exchange for this properly-executed and notarized Agreement, releasing all of Your claims or potential claims against Employer, and for other good and valuable consideration, the sufficiency of which is hereby acknowledged by each of the Parties, it is hereby covenanted and agreed by and among the Parties hereto as follows:

1.     **Recitals.**  The Parties agree that the above Recitals are fully incorporated into this Agreement.

2. **Consideration and Indemnification.** In exchange for this settlement and compromise, and receipt of this properly-executed and notarized Agreement, in full and final settlement of any and all claims related in any way to the Dispute, the Parties agree as follows: Employer will pay to You and Your attorneys a Settlement payment totaling FIFTY THOUSAND DOLLARS and 00/100 ($50,000.00) ("Settlement Proceeds"), which will be paid within 30 days of the Effective Date of this Agreement, as follows:

    a.    A check made payable to Jesus A. Ortiz, in the gross amount of TWENTY-EIGHT THOUSAND, ONE HUNDRED TWENTY-FOUR DOLLARS and 75/100 ($28,124.75), which represents 100% of Your net Settlement Proceeds, which, at Your request, will not be subject to payroll withholdings, and will be reported by Employer on an IRS form 1099. You hereby assert that this payment as described in this Paragraph, is for compensatory damages for physical manifestations of injuries and sickness from emotional harm and mental anguish, and You assert that this sum does not represent back pay or wages. However, You agree that Employer makes no representations regarding the nature or proper tax treatment of such payment. You agree to assume full responsibility to any federal, state or local taxing authorities for any tax consequences, if any, including interest and penalties, regarding income and other taxes arising out of the payment as set forth herein. In the event some or all of the payment described herein is classified as taxable income to You by any federal, state or other taxing authority, **YOU AGREE TO INDEMNIFY, DEFEND AND HOLD EMPLOYER HARMLESS FROM ANY FURTHER CLAIMS, DEMANDS, ACTIONS, SUITS, OR CAUSES OF ACTION, ATTORNEYS' FEES, COSTS, PENALTIES, INTEREST, OR EXPENSES ARISING OUT OF OR IN ANY WAY RELATING TO YOUR REQUESTED CLASSIFICATION OF THIS SUM THAT IS ULTIMATELY FOUND TO BE TAXABLE INCOME, INCLUDING BUT NOT LIMITED TO, A CLAIM BY THE UNITED STATES INTERNAL REVENUE SERVICE AGAINST EMPLOYER.**

    b.    A check made payable to Your attorney, "Martinez & Martinez Law Firm, PLLC" in the amount of TWENTY-ONE THOUSAND, EIGHT HUNDRED SEVENTY-FIVE DOLLARS and 25/100 ($21,875.25), in full and final settlement of any and all claims You may have for recovery of attorneys' fees, costs, and litigation or other expenses, related in any way to the Dispute, which will be reported by Employer on an IRS form 1099.

    c.    You and Your attorneys agree that each will provide a Form W-9 and bank wiring information, as a condition of payment.

3. **Value of Consideration.** The Parties' promises herein represent value exceeding that to which You would otherwise be entitled.

4. **Full General Release.** For the consideration described in Paragraph 2 herein, and other valuable consideration, the sufficiency of which is hereby acknowledged, You, on behalf of Yourself, Your heirs, successors, administrators, executors, descendants, devisees, assigns, personal representatives, affiliates, agents, and attorneys, past and present, and anyone claiming through You, do hereby irrevocably and unconditionally release and forever discharge Employer from any and all liability, claims, demands, damages, costs, loss of services, expenses and compensation, actions or causes of action of any nature, past and present, known or unknown, foreseen and unforeseen, which You have asserted, or which could be asserted on Your behalf, by

any person or entity, by way of a grievance, claim, charge, lawsuit, or any other means, resulting from or relating to Your employment with Employer or any act or omission of any kind occurring on or before the execution of this Agreement. You understand that this Agreement includes, but is not limited to, the following:

a. Any and all claims arising out of or in any way connected with Your employment with Employer, or any incident thereof, including, without limitation, Your treatment by Employer, the terms and conditions of Your employment, Your termination, the amount of pay or benefits You have received, or any matter related to Your employment with Employer;

b. Any and all causes of action arising under statute, contract, tort or common law, including, without limitation, fraud, misrepresentation, breach of contract, wrongful discharge, harassment or discrimination on the basis of race, sex/gender, age, disability, national origin, or religion, or other legally protected status, as well as retaliation, or other any claims arising out of any legal restrictions on Employer's right to terminate or take action with regard to any of their employees;

c. Any and all causes of action arising under federal, state, or local laws, statutes, ordinances or rules, including but not limited to, violations of Title VII of the Civil Rights Act of 1964, The Genetic Information Nondiscrimination Act, the Americans With Disabilities Act, the Americans with Disabilities Act Amendments Act, the Family Medical Leave Act, the Age Discrimination in Employment Act ("ADEA"), the Older Workers' Benefits Protection Act, the Rehabilitation Act, the Employee Retirement Income Security Act, the National Labor Relations Act, the Fair Labor Standards Act, the Texas Workforce Commission Human Rights Act, the Texas Labor Code, the Texas Payday Act, the Texas Minimum Wage Pay Act, the Texas Whistleblower Act, the False Claims Act, the Texas Medicaid Fraud Prevention Act, and any other federal, state, or local laws, ordinances, rules, or regulations, all as amended.

d. Any and all causes of action for past or future loss of pay or benefits, expenses, damages for pain and suffering, emotional distress, liquidated damages, punitive damages, compensatory damages, attorneys' fees, interest, court costs, physical or mental injury, damage to reputation, and any other injury, loss, damage or expense, or any other legal, equitable or other remedy of any kind whatsoever that accrued prior to the execution of this Agreement.

e. Any and all claims related to any charge, lawsuit, and any other claims, complaints, charges, grievances, or other proceedings that were brought or could have been brought, whether foreseen or unforeseen, and are based on events occurring prior to this Agreement.

5. **Wages.** You hereby fully and unconditionally release Employer from any and all liabilities related to payment of Your wages/salary, benefits and other compensation, in whatever form, and agree that You are not owed any wages or benefits from Employer.

3

6. **Covenant Not to Sue.** A "covenant not to sue" is a promise not to sue in court. This covenant differs from a general release of claims in that, besides waiving rights and releasing claims, You also promise that You have not caused and will not cause to be filed or otherwise initiated, any lawsuit, complaint, charge, grievance or other proceeding against Employer in any local, state, or federal court or agency, on Your behalf or with any other third party, based upon events occurring prior to the date of this Agreement, and You do not have a factual or legal basis for doing so. **YOU EXPRESSLY WAIVE ANY RIGHT TO DAMAGES OR OTHER LEGAL OR EQUITABLE RELIEF AWARDED BY ANY GOVERNMENTAL AGENCY, COURT, OR OTHER ENTITY, OR WHICH COULD BE AWARDED AGAINST EMPLOYER, RELATING TO ANY LAWSUIT, COMPLAINT, CHARGE, GRIEVANCE OR OTHER PROCEEDING (REGARDLESS BY WHOM FILED) THAT IS PENDING OR THAT IS FILED IN THE FUTURE AND WHICH IS BASED ON EVENTS OCCURRING PRIOR TO THIS AGREEMENT**. You agree that if You breach this covenant, then You must pay the legal expenses to defend, including reasonable attorneys' fees, or, at Employer's option, return everything paid to You under this Agreement, except for $1,000.

7. **Release of Unknown Claims.** To effectuate a full general release, You agree that Your release includes all claims You do not know or suspect to exist. Though You may discover new facts after You sign this Agreement, You still agree to a complete release of claims as described above, and waive any right You might have to pursue any claims that You discover after signing this Agreement.

8. **Exclusions.** Excluded from Your release and covenant not to sue are: (i) any right or claim that arises after the date You this Agreement becomes Effective; (ii) any right that this Agreement creates or recognizes; and (iii) any right that lawfully cannot be waived, such as the right to file, assist with, or participate in a charge of discrimination with an administrative agency; but You do waive any monetary recovery as to any such lawsuit, complaint, charge, grievance or other proceeding filed by You or anyone else.

9. **Medicare Secondary Payer Act Compliance**. The Parties to this Release intend to comply with the Medicare Secondary Payer Act (42 U.S.C. 1395y). You understand that as used herein, the term "Medicare" includes Medicare Part A (Hospital Insurance), Medicare Part B (Medical Insurance), Medicare Part C (Medicare Advantage Organizations) and Medicare Part D (Prescription Drug Insurance).

    a. **Medicare Eligibility Representation and Warranty**
You represent and warrant that You are not enrolled in Medicare and have not been eligible for Medicare benefits at any time since the first date of the Dispute.

    b. **Medicare Release**
You forever discharge your Employer from all claims or causes of action arising out of the loss of any present or future right to Medicare benefits.

    c. **Waiver of Private Cause of Action**
In the event it is determined that Medicare made conditional payments for the treatment of Your injuries or medical condition(s) arising out of the Dispute, You

4

waive the right to sue your Employer under Section 1395y(b)(3)(A) of the Medicare Secondary Payer Act for any failure of Employer to provide for primary payment or appropriate reimbursement of any conditional payment.

d. **Guarantee of Payment**

You guarantee that You will pay all valid medical and hospital bills and liens, Medicare and Medicaid liens, and all other bills or liens that in any way relate to the treatment of Your injuries or medical condition(s) arising out of the Dispute.

e. **Indemnification for All Liens**

You agree that You will defend, indemnify and hold harmless Employer with respect to claims by any person or entity seeking payment or reimbursement of medical and hospital bills and liens, Medicare and Medicaid liens, Social Security liens, and all other bills or liens that in any way relate to the treatment of the injuries or medical condition(s) arising out of the Dispute.

10. **Non-Admission of Liability.** You acknowledge, by entering into this Agreement, that Employer vehemently denies any wrongdoing or liability with respect to You, and that Employer entered into this Agreement for the sole purpose of buying peace and avoiding the continued cost of the Dispute. You further agree that nothing in this Agreement constitutes an admission of wrongdoing or liability on the part of Employer.

11. **No Re-employment.** You agree that You will not seek to re-apply, or seek employment, independent contractor status, or any other paid or volunteer working relationship, with or by Employer or any related or affiliated person or entity. You agree that Employer is entitled to reject without cause any application for employment or work in any capacity, with Employer or any related entity, submitted by You, or on Your behalf, and You agree that Your application for employment or other engagement with Employer shall be cause for immediate rejection of application and/or termination of employment or engagement and You agree that You will not have a claim or cause of action against Employer or any related entity for their failure to employ or otherwise engage You.

12. **Non-Disparagement.** You agree that You will not make any disparaging remarks about Employer, as defined herein, which could in any way negatively impact the reputation of Employer, or cause embarrassment or financial cost to Employer, except that You may testify truthfully, as required by a Court order or subpoena. Employer likewise agrees that it will not make any disparaging remarks about You which could in any way negatively impact Your reputation, or cause embarrassment or financial cost to You, except that Employer may, as limited herein: (1) release information and records as required by law, including in response to an audit, subpoena, inspection or other proceeding of Employer by a governmental agency; (2) testify or provide information as required by law, including in response to a Court order or subpoena; and (3) discuss Your employment and separation as otherwise required for business necessity of the Employer, as determined in its sole discretion. You agree that this provision is limited to Vice Principals of Employer who are aware of this Agreement.

5

13. **Non-Disclosure.**  You agree that You will not disclose, disseminate, or publicize, or cause or permit to be disclosed, disseminated, or publicized, any of the terms of this Agreement, or the fact that the Parties have entered into this Agreement, to any person, corporation, association, governmental agency, or other person or entity, other than Your spouse and child(ren), if any, legal counsel, tax advisors, and financial advisors, as applicable, except (a) to the extent necessary to report income to appropriate taxing authorities; (b) in response to an order or subpoena of a court or governmental agency of competent jurisdiction; or (c) as otherwise required by law, and that You will tell anyone who is advised by You of this Agreement that they are also bound by this provision.  You agree that if You are asked about the existence or substance of this Agreement, You will say only that You are not at liberty to discuss.

14. **Property.**  You agree that all tangible property You acquired during Your employment relating to Employer's business—such as documents, manuals, equipment, receipts, emails, computer programs or information, printouts, lists, notes, photographs, patient and employee information—is Employer's property, which You have returned or will return on or before the Effective date of this Agreement.

15. **Governing Law and Rules of Construction.**  You agree that this Agreement is an enforceable contract, that this Agreement shall be construed and governed by the laws of the State of Texas, and venue will lie exclusively in El Paso, Texas.  The language of this Agreement shall be construed as a whole, according to its fair meaning, and not strictly for or against any Party.  This Agreement may be executed in counterparts, with each deemed an original, and all constituting the same agreement.  You and Employer both agree to cooperate in good faith to do everything needed to effectuate this Agreement.  The failure by either party to strictly adhere to a term of this Agreement does not waive that party's right thereafter to insist on strict adherence.

16. **Severability.**  If any term of this Agreement is held to be invalid, then that term will not be part of this Agreement and any term not held invalid will be unaffected.

17. **Entire Agreement**.  You rely on no promise not expressly stated herein.  You agree that this is the entire agreement on the subject matters it covers, superseding any contrary understanding.  This Agreement may be modified only by a written agreement signed by an authorized officer of Employer.

18. **Voluntary Binding Agreement.**  You acknowledge and agree that you: (a) have carefully read the foregoing Agreement; (b) understand its contents; (c) have negotiated the terms of this Agreement through Your attorney; (d) have determined that it is in your best interest to enter into this Agreement; (e) have not relied upon any representation or statement, written or oral, not set forth in this document; (f) are entering into this Agreement freely, knowingly and voluntarily, without force, duress or coercion; (g) have been given at least twenty-one (21) days in which to consider this Agreement and your signature prior to the expiration of twenty-one (21) days constitutes your voluntary waiver of the twenty-one (21)-day period; (h) have been advised that you have seven (7) days after the Agreement is executed in which to rescind this Agreement; and (i) understand that this Agreement is not "Effective" until the eighth day after You sign the Agreement.

**AGREED:**

EMPLOYEE:

_____          Date:  _____
Jesus A. Ortiz

**THE STATE OF TEXAS**     §
                           §
**COUNTY OF EL PASO**      §

**BEFORE ME**, the undersigned authority, personally appeared **Jesus A. Ortiz**, known to me to be the person described herein, and who, after being by me duly sworn, upon his oath stated that he executed the foregoing Confidential Settlement Agreement and Release in Full of All Claims, and he acknowledged that he voluntarily executed the same for the purposes and consideration therein expressed.

     **SUBSCRIBED AND SWORN TO** before me on this _____ day of _____, 2025.

                                     _____
                                     NOTARY PUBLIC in and for the
                                     STATE OF TEXAS

THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK.

**EL PASO COUNTY COMMUNITY COLLEGE DISTRICT**


BY: _____     _____
     AUTHORIZED REPRESENTATIVE                    DATE


**THE STATE OF TEXAS** §
                             §
**COUNTY OF EL PASO** §


     **BEFORE ME**, the undersigned authority, personally appeared _____, known to me to be the person described herein, and who, after being by me duly sworn, upon his/her oath stated that s/he is the Authorized Representative of **EL PASO COUNTY COMMUNITY COLLEGE DISTRICT,** to enter into this Confidential Settlement Agreement and Release in Full of All Claims, and has voluntarily executed the same for the purposes and considerations therein expressed.

     **SUBSCRIBED AND SWORN TO** before me on this _____ day of _____, 2025.


                                               _____
                                               NOTARY PUBLIC in and for the
                                               STATE OF TEXAS


THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK.